UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOSEPH RUSSELL HURLEY,

        Plaintiff,        Case No. 1:08-cv-711

v.        Honorable Janet T. Neff

BLAINE C. LAFLER et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983.[1] Plaintiff paid the $350.00 civil action filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly

---

[1] Plaintiff Joseph Russell Hurley purports to bring his action on behalf of his wife, children and parents. The complaint is signed only by Joseph Russell Hurley. Title 28 U.S.C. § 1654 provides that, "in all courts of the United States, the parties may plead and conduct *their own cases* personally or by counsel, as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654 (emphasis added). The federal courts have long held that § 1654 preserves a party's right to proceed *pro se*, but only with respect to her own claims. Only a licensed attorney may represent other persons. *See Rowland v. Ca. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-03 (1993); *United States v. 9.19 Acres of Land*, 416 F.2d 1244, 1245 (6th Cir. 1969). Joseph Russell Hurley is not a licensed attorney. If Joseph Russell Hurley's children are minors, he has not alleged that he is a qualified representative. *See* Fed. R. CIV. P. 17(c). Therefore, at this juncture, Joseph Russell Hurley may not represent his family members in this action.

irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

## Discussion

### I.      Factual allegations

Plaintiff is incarcerated in the Boyer Road Correctional Facility (OTF). In his *pro se* complaint, he sues OTF Warden Blaine Lafler and Michigan Department of Corrections (MDOC) Director Patricia Caruso.

On March 15, 2007, while he was incarcerated at the Shoreline Correctional Facility, Plaintiff was found guilty of two counts of substance abuse. According to the major misconduct hearing report, Plaintiff pleaded guilty to both counts and admitted that he had used marijuana and cocaine. Laboratory tests also resulted in positive findings for both marijuana and cocaine. As a result of his conviction, Plaintiff was sentenced to thirty days loss of privileges. Eleven days later, on March 26, 2007, Plaintiff was found guilty of a major misconduct for possession of a weapon. A razor blade melted into a toothbrush was found in Plaintiff's footlocker. While Plaintiff claimed that he was set-up, the hearing officer found him guilty of the offense. The hearing officer sentenced Plaintiff to seven days of top lock and fifteen days loss of privileges. A week later, on April 3, 2007, Plaintiff was convicted of a third misconduct for substance abuse. Plaintiff pleaded guilty and was sentenced to thirty days loss of privileges. His third substance abuse misconduct conviction also was supported by laboratory tests.

As a result of his misconduct convictions, Plaintiff lost visitation privileges with his family. Under MICH. DEP'T. OF CORR., Policy Directive 05.03.140, ¶XX (eff. Oct. 1, 2007), the Director may restrict all of a prisoner's visits if the prisoner is found guilty of two or more violations

of the major misconduct charge of substance abuse for behavior that occurred on or after January 1, 2007, which do not arise from the same incident. A prisoner whose visits are restricted by the Director are allowed visits only with attorneys and qualified clergy. *Id.* at ¶ AAA. With regard to removal of the visitation restriction, the policy provides:

> The restriction shall not be considered for removal until at least two years after imposition of the restriction by the Director if it is based on two or more violations of the major misconduct charge of substance abuse, if one or both of the charges were for possession or use of any prohibited substance other than alcohol, or if one or both of the charges were for refusal to submit to substance abuse testing; however, if the prisoner was found guilty of another major misconduct for substance abuse or a non-bondable major misconduct during the period of time his/her visits were restricted by the Director, the restriction shall not be considered for removal until the prisoner has been free of such misconduct for a two year period.

*Id.* at ¶ BBB(2). At the end of the two-year period, the Warden at the facility where the prisoner is incarcerated is required to make a recommendation to the MDOC Deputy Director as to whether the restriction should be removed. *Id.* at ¶CCC. It is within the Director's discretion whether to remove the restriction. *Id.* If removal of the restriction is denied at the end of two years, the prisoner continues to receive periodic review. *Id.* at ¶ FFF. Plaintiff alleges that on June 11, 2008, he submitted a request to Defendant Lafler to lift his visitation restriction. Lafler denied the request, citing the above policy. Plaintiff appeal to Defendant Caruso, but never received a response.

Plaintiff claims that he continues to be subject to permanent loss of all visitation rights, including non-contact visits, with his wife and children. He asserts that his due process rights were violated in the misconduct proceedings. Plaintiff further contends that the permanent ban on visitation with his family constitutes cruel and unusual punishment in violation of the Eighth Amendment. Plaintiff seeks injunctive relief.

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A.     **Misconduct Convictions**

Plaintiff claims that his due process rights were violated in the major misconduct proceedings. The Supreme Court has held that claims for declaratory relief and monetary damages that necessarily imply the invalidity of the punishment imposed are not cognizable under § 1983 until the conviction has been overturned. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (addressing allegations of deceit and bias on the part of the decisionmaker in a misconduct hearing). The *Edwards* Court relied upon *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards*, 520 U.S. at 646 (emphasis in original). As the Supreme Court recently has stated, "[t]hese cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct

leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Thus, where a prisoner's claim of unfair procedures in a disciplinary hearing necessarily implies the invalidity of the deprivation of good-time credits, his claim is not cognizable under § 1983. *Id.*; *see also Thomas v. Eby*, 481 F.3d 434, 438 (6th Cir. 2007); *Bailey v. McCoy*, No. 98-1746, 1999 WL 777351, at *2 (6th Cir. Sept. 21, 1999) (collecting Sixth Circuit decisions applying *Edwards* to procedural due process challenges).

In *Muhammad v. Close*, 540 U.S. 749, 754-55 (2004), the Supreme Court clarified that *Edwards* requires the favorable termination of a disciplinary proceeding before a civil rights action may be filed only in cases where the duration of the prisoner's sentence is affected. *Id.*; *Thomas*, 481 F.3d at 439; *Johnson v. Coolman*, 102 F. App'x 460, 461 (6th Cir. 2004). The Court noted that "[t]he effect of disciplinary proceedings on good-time credits is a matter of state law or regulation." *Muhammad*, 540 U.S. at 754. Under Michigan law, a prisoner loses good-time credits for the month of his major misconduct disciplinary conviction. *See* MICH. COMP. LAWS § 800.33. In addition, the warden may order forfeiture of previously accumulated good-time credits in cases. *Id.* Plaintiff claims that he lost good-time credits as a result of his misconduct convictions. Accordingly, Plaintiff's claim remains noncognizable under § 1983 because a ruling on the claim would, if established, necessarily imply the invalidity of his disciplinary conviction. *See Shavers v. Stapleton*, 102 F. App'x 900, 901 (6th Cir. 2004).

Under Michigan law, a prisoner may seek a rehearing of a decision made by the Hearings Division within thirty calendar days after a copy of the Major Misconduct Hearing Report is received. MICH. COMP. LAWS § 791.254; MICH. DEP'T OF CORR. Policy Directive 03.03.105,

¶ DDD (effective Jan. 1, 2007). Upon denial of his motion for rehearing, a prisoner may file an application for leave to appeal in the state circuit court. *See* MICH. COMP. LAWS § 791.255(2); Policy Directive 03.03.105, ¶ GGG (concerning appeal). If he is not successful, he may then seek to overturn the convictions by bringing a federal habeas corpus action.[2] Plaintiff does not allege that he filed a motion for rehearing or sought further relief in the state courts. His allegations make clear that his conviction has not been invalidated. Accordingly, Plaintiff's § 1983 claim is not presently cognizable. He therefore fails to state a claim on which relief can be granted. *See Morris v. Cason*, 102 F. App'x 902, 903 (6th Cir. 2004) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Murray v. Evert*, 84 F. App'x 553, 555 (6th Cir. 2003) (same); *Harris v. Truesdell*, 79 F. App'x 756, 758-59 (6th Cir. 2003) (same).

      B.    **Visitation Restriction**

Plaintiff further claims that the visitation restriction violates his Eighth Amendment rights. In *Overton v. Bazzetta*, 539 U.S. 126 (2003), the Supreme Court reviewed various visiting restrictions contained in the 1995 version of the policy, including the restriction at issue in this case.[3] The Supreme Court recognized that the Constitution protects certain kinds of highly personal relationships" including freedom of association. *Id.* at 131. However, "[s]ome curtailment of that

---

[2] A misconduct conviction results in the loss of good-time credits, which is equivalent to a loss of a "shortened prison sentence." *Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974). A challenge to a "shortened" prison sentence is a challenge to the fact or duration of confinement that is properly brought as an action for habeas corpus relief. *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973). However, a prisoner must exhaust available state remedies before bringing a habeas corpus action, which would include appealing the conviction through the state courts. *See* 28 U.S.C. § 2254(b)(1).

[3] While the Prisoner Visiting Policy has been revised several times since 1995, the portion of the policy concerning permanent restriction of all prisoner visits for a prisoner with two or more substance abuse misconduct convictions has remained substantially the same. Like the current policy, the 1995 version of the provided that prisoners who committed multiple substance-abuse violations were not permitted to receive any visitors except attorneys and members of the clergy. *Overton*, 539 U.S. at 130. An inmate subject to this restriction could apply for reinstatement of visitation privileges after two years. Reinstatement was within the warden's discretion. *Id.*

right must be expected in the prison context." *Id.* The Supreme Court has instructed that "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). The *Turner* Court outlined four factors that are relevant in determining the reasonableness of a challenged prison regulation. "First, there must be a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it." *Id.* If not, the regulation is unconstitutional, and the other factors do not matter. *Id.* at 89-90. Unlike the first factor, the remaining factors are considerations that must be balanced together: (2) "whether there are alternative means of exercising the right that remain open to prison inmates;" (3) "the impact that accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally;" and (4) whether there are "ready alternatives" available "that fully accommodate the prisoner's rights at de minimis cost to valid penological interests." *Id.* at 90-91.

Applying *Turner* to the visitation restriction imposed upon prisoners with multiple substance abuse convictions, the Supreme Court found that the restriction served the legitimate goal of deterring the use of drugs and alcohol within the prison. *Overton*, 539 U.S. at 131 (internal quotation omitted). The Court stated:

> [T]he restriction on visitation for inmates with two substance-abuse violations, a bar which may be removed after two years, serves the legitimate goal of deterring the use of drugs and alcohol within the prisons. Drug smuggling and drug use in prison are intractable problems. *See, e.g., Bell, supra*, at 559, 99 S.Ct. 1861; *Block, supra*, at 586-587, 104 S.Ct. 3227; *Hudson v. Palmer*, 468 U.S. 517, 527, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). Withdrawing visitation privileges is a proper and even necessary management technique to induce compliance with the rules of inmate behavior, especially for high-security prisoners who have few other privileges to lose. In this regard we note that numerous other States have implemented similar restrictions on visitation privileges to control and deter substance-abuse violations.

*Id.* at 134. The Court also found that the restriction did not violate the Eighth Amendment. *Id.* at 137. The Court opined that the withdrawal of visitation privileges for a limited period as a means of effecting prisoner discipline "is not a dramatic departure from accepted standards for conditions of confinement." *Id.* Moreover, the regulation does not "create inhumane prison conditions, deprive inmates of basic necessities, or fail to protect their health or safety. Nor does it involve the infliction of pain or injury, or deliberate indifference to the risk that it might occur." *Id.*

Plaintiff's case in indistinguishable form *Bazzatta*; consequently, he cannot state a constitutional claim arising from the visitation restriction imposed upon him as a result of his substance abuse misconduct convictions. Because Plaintiff incurred his misconduct convictions in 2007, he will not be eligible for removal of the restriction until 2009.

### **Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).


Date:  November 21, 2008                         /s/ Ellen S. Carmody
                                                 ELLEN S. CARMODY
                                                 United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).