UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH RUSSELL HURLEY,

    Plaintiff,

v

BLAINE C. LAFLER et al.,

    Defendants.

_____/

Case No. 1:08-cv-711

HON. JANET T. NEFF

**OPINION**

    This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 claiming violation of the Eighth Amendment and violation of procedural due process. On November 21, 2008, the Magistrate Judge filed a Report and Recommendation, recommending that the action be dismissed upon initial screening pursuant to 28 U.S.C. § 1915A(b) on grounds that the complaint failed to state a claim. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court issues this Opinion and Order, denying the objection to the dismissal of his Eighth Amendment claim and granting the objection to the dismissal of his due process claim.

Plaintiff argues that the Magistrate Judge erred in finding that the visitation restrictions at issue did not violate the Eighth Amendment. Plaintiff concedes that the Supreme Court held that similar visitation regulations do not violate the Eighth Amendment. *See Overton v. Bazzetta,* 539 U.S. 126 (2003). Plaintiff instead argues that the visitation restrictions should not have applied to him because his substance abuse misconduct violations arose from the same incident (Obj at 2).

Plaintiff's argument is without merit. The record indicates that Plaintiff was found guilty of three misconduct violations involving substance abuse. In his objection, Plaintiff asserts that two of the three misconduct violations arose from the same incident. Accepting the Plaintiff's claim as true, he still received two substance abuse misconducts clearly not arising from the same incident. Plaintiff's objection to the Eighth Amendment claim is therefore denied.

Plaintiff next objects to the Magistrate Judge's finding that his due process claim is not cognizable under the "habeas exception" to § 1983 actions first found by the Supreme Court in *Preiser v. Rodriguez,* 411 U.S. 475 (1973), and expanded and clarified by *Edwards v. Balisok,* 520 U.S. 641 (1997); *Muhammad v. Close,* 540 U.S. 749 (2004); and *Wilkinson v. Dotson,* 544 U.S. 74 (2005).

The Magistrate Judge properly quoted *Wilkinson,* which said, "[t]hese cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*, *supra,* at 81-82. Plaintiff argues that success in his § 1983 claim would not necessarily affect the duration of his sentence because prison officials would retain discretion regarding whether to ultimately grant him parole,

2

regardless of when he became eligible due to the application of good-time credits.

In *Muhammad,* the Supreme Court noted that "the effect of disciplinary proceedings on good-time credits is a matter of state law or regulation." *Muhammad,* 540 U.S. at 754. There is no dispute that Plaintiff claims to have lost good-time credits as a result of the challenged convictions. The question then is whether the loss of good-time credits "necessarily affects" the duration of his sentence.

In *Thomas v. Eby,* 481 F.3d 434 (6th Cir. 2007), the Sixth Circuit was presented with a similar question. In *Thomas*, the Court had to determine if a prisoner's § 1983 claim was barred by the "habeas exception" when success in the claim would restore good-time credits he had lost. The Court held that the claim was not barred by the exception where "success in Thomas' § 1983 claim would not necessarily affect the duration of his sentence because prison officials would retain discretion regarding whether to grant him parole." *Id.* at 439. Relying on *Ryan v. Department of Corrections,* 672 N.W.2d 535, 541 (Mich.Ct.App. 2003) (Neff, P.J., and White and Owens, JJ.), the *Thomas* Court concluded that disciplinary credits do not determine when a sentence expires or is completed but only when a prisoner is subject to parole or discharge. *Id.* at 440. *See also Thompson-Bey v. Stapleton*, 558 F.Supp.2d 767 (E.D. Mich. 2008).

Plaintiff argues that his case demands the same result. This Court agrees with Plaintiff. Applying the analysis articulated by the *Thomas* panel, Plaintiff's claim is not barred by the "habeas exception" to § 1983 claims. Consequently, Plaintiff's objection to the recommendation to dismiss his due process claim is granted.

An Order will be entered consistent with this Opinion.


Date: February 19, 2009 　　　　　　　　　　　　　 /s/ Janet T. Neff  
　　　　　　　　　　　　　　　　　　　　　　　　JANET T. NEFF  
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH RUSSELL HURLEY,

    Plaintiff,                                     Case No. 1:08-cv-711

v                                                 HON. JANET T. NEFF

BLAINE C. LAFLER et al.,

    Defendants.
_____/

**ORDER**

In accordance with the Opinion entered this date:

**IT IS HEREBY ORDERED** that the objections (Dkt 6) are DENIED in part and GRANTED in part.  The Report and Recommendation (Dkt 5) to dismiss Plaintiff's Eighth Amendment claim is APPROVED and ADOPTED as the opinion of the Court.  The Report and Recommendation to dismiss Plaintiff's procedural due process claim is REJECTED.

Date: February 19, 2009                                     /s/ Janet T. Neff
                                                             JANET T. NEFF
                                                             United States District Judge