UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH RUSSELL HURLEY,

    Plaintiff,                                     Hon. Janet T. Neff

v.                                                  Case No. 1:08-CV-711

BLAINE LAFLER, et al.,

    Defendants.
_____/

**ORDER**

This matter is before the Court on Plaintiff's Motion for Preliminary Injunction. (Dkt. #2). As discussed below, Plaintiff's motion is **denied**.

On March 15, 2007, Plaintiff was found guilty of two counts of substance abuse. According to the major misconduct hearing report, Plaintiff pleaded guilty to both counts and admitted that he had used marijuana and cocaine. Laboratory tests also resulted in positive findings for both marijuana and cocaine. As a result of his conviction, Plaintiff was sentenced to thirty days loss of privileges. On March 26, 2007, prison officials discovered a razor blade melted into a toothbrush in Plaintiff's footlocker. Plaintiff was found guilty of a major misconduct for possessing a weapon and sentenced to seven days of top lock and fifteen days loss of privileges. On April 3, 2007, Plaintiff was again charged with substance abuse. Plaintiff pleaded guilty to consuming marijuana and was sentenced to thirty days loss of privileges. A subsequent laboratory test resulted in a positive finding for marijuana.

As a result of his misconduct convictions, Plaintiff forfeited visitation privileges with his family. Under Michigan Department of Corrections Policy (MDOC) Directive 05.03.140, ¶XX (eff. Oct. 1, 2007), the Director of the MDOC may restrict all of a prisoner's visits if the prisoner is found guilty of two or more violations of the major misconduct charge of substance abuse for behavior that occurred on or after January 1, 2007, which do not arise from the same incident. A prisoner whose visits are restricted by the Director are allowed visits only with attorneys and qualified clergy. *Id.* at ¶ AAA. With regard to removal of the visitation restriction, the policy provides:

> The restriction shall not be considered for removal until at least two years after imposition of the restriction by the Director if it is based on two or more violations of the major misconduct charge of substance abuse, if one or both of the charges were for possession or use of any prohibited substance other than alcohol, or if one or both of the charges were for refusal to submit to substance abuse testing; however, if the prisoner was found guilty of another major misconduct for substance abuse or a non-bondable major misconduct during the period of time his/her visits were restricted by the Director, the restriction shall not be considered for removal until the prisoner has been free of such misconduct for a two year period.

*Id.* at ¶ BBB(2).

At the end of the two-year period, the Warden at the facility where the prisoner is incarcerated is required to make a recommendation to the MDOC Deputy Director as to whether the restriction should be removed. *Id.* at ¶CCC. It is within the Director's discretion whether to remove the restriction. *Id.* If removal of the restriction is denied at the end of two years, the prisoner continues to receive periodic review. *Id.* at ¶ FFF. Plaintiff alleges that on June 11, 2008, he submitted a request to Defendant Lafler to lift his visitation restriction. Lafler denied the request, citing the above policy. Plaintiff appeal to Defendant Caruso, but never received a response.

Plaintiff initiated the present action against Blaine Lafler, the warden of the facility at which he is presently incarcerated, and Patricia Caruso, Director of the Michigan Department of Corrections (MDOC). Plaintiff asserts that his due process rights were violated in the misconduct proceedings. Plaintiff further contends that the ban on visitation with his family constitutes cruel and unusual punishment in violation of the Eighth Amendment. The Court has already dismissed Plaintiff's Eighth Amendment claims. Plaintiff now requests a preliminary injunction permitting him to visit with his family.

To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001) (citations omitted). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000) (citations omitted).

Rather than prerequisites which must each be satisfied, the relevant factors, none of which are alone determinative of the matter, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997); *Michigan Bell Telephone Co. v. MFS Intelenet of Michigan, Inc.*, 16 F.Supp.2d 828, 831 (W.D.Mich. 1998). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118 (the "most significant single component" in the decision whether to grant injunctive relief "is the court's discretion") (citations omitted).

Plaintiff asserts that his due process rights were violated in the misconduct proceedings discussed above. Pursuant to the Due Process Clause of the Fourteenth Amendment, before depriving an individual of life or a constitutionally protected liberty or property interest the state must afford the individual with notice and an opportunity to be heard. *See Brentwood Academy v. Tennessee Secondary School Athletic Association*, 442 F.3d 410, 433 (6th Cir. 2006), *rev'd on other grounds*, 127 S.Ct. 2489 (2007); *Harris v. City of Akron*, 20 F.3d 1396, 1401 (6th Cir. 1994). The fundamental requirement of due process is the right to be heard "at a meaningful time and in a meaningful manner." *Mertik v. Blalock*, 983 F.2d 1353, 1364 (6th Cir. 1993) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)).

The requirements of due process, however, are "flexible and depend on a balancing of the interests affected by the relevant government action." *Superintendent, Massachusetts Correctional Institution, Walpole v. Hill*, 472 U.S. 445, 454 (1985). While inmates have an interest in ensuring that they are not arbitrarily subjected to discipline or loss of privileges at the hands of prison officials, this interest "must be accommodated in the distinctive setting of a prison, where disciplinary proceedings 'take place in a closed, tightly controlled environment peopled by those who have chosen to violate the criminal law and who have been lawfully incarcerated for doing so.'" *Id.* at 454. Accordingly, with respect to the safeguards required by due process, the Court must take into account "the legitimate institutional needs of assuring the safety of inmates and prisoners, avoiding burdensome administrative requirements that might be susceptible to manipulation, and preserving the disciplinary process as a means of rehabilitation." *Id.* at 454-55.

With respect to prison disciplinary proceedings, such as those implicated by Plaintiff's claim, the requirements of procedural due process are satisfied where the prisoner is provided "minimal notice and opportunity to be heard" and the subsequent decision is supported by "some evidence."

*Branham v. Spurgis*, 720 F.Supp. 605, 608 (W.D. Mich. 1989) (citations omitted); *see also*, *Sarmiento v. Hemingway*, 93 Fed. Appx. 65, 66 (6th Cir., Mar. 15, 2004); *Williams v. Bass*, 63 F.3d 483, 485-86 (6th Cir 1995); *Washington v. Randall-Owens*, 2007 WL 2713749 at *7-8 (E.D. Mich., Sept. 17, 2007).

The Court finds it unlikely that Plaintiff will be able to demonstrate that the procedures pursuant to which he was found guilty of the various misconducts described above violated the requirements of due process. The documents attached to Plaintiff's complaint reveal that Plaintiff was given notice of each misconduct charge and that a hearing for each was conducted, at which Plaintiff was permitted to present evidence. Plaintiff does not dispute this. Furthermore, the evidence that Plaintiff committed these various offenses is overwhelming.

Plaintiff has not demonstrated that he will suffer irreparable injury in the absence of the requested injunction. Moreover, the Court fails to discern how granting Plaintiff's motion would serve the public interest, as such would appear to undermine the MDOC's ability to combat substance abuse among the prison population. In sum, Plaintiff is not entitled to the relief sought. Accordingly, Plaintiff's Motion for Preliminary Injunction. (Dkt. #2) is **denied**.

IT IS SO ORDERED.

Dated: March 23, 2009    /s/Janet T. Neff
JANET T. NEFF
UNITED STATES DISTRICT JUDGE