UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH RUSSELL HURLEY,

       Plaintiff,                                Hon. Janet T. Neff

v.                                                  Case No. 1:08-CV-711

BLAINE LAFLER, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's <u>Motion for Summary Judgment</u>. (Dkt. #4). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**.

## BACKGROUND

The following is contained in Plaintiff's complaint and the attachments thereto. (Dkt. #1). On March 15, 2007, Plaintiff was charged with two counts of substance abuse. (Dkt. #1, Exhibit 1 at page 22 of 30). A hearing on these charges was conducted on April 16, 2007. Plaintiff pleaded guilty to both counts and admitted that he had used marijuana and cocaine. As a result of his conviction, Plaintiff was sentenced to thirty days loss of privileges. *Id.* A subsequent laboratory test of a urine sample obtained from Plaintiff on March 15, 2007, revealed the presence of cocaine and marijuana. (Dkt. #1, Exhibit 1 at page 24 of 30).

On March 26, 2007, prison officials discovered a razor blade melted into a toothbrush in Plaintiff's footlocker. (Dkt. #1, Exhibit 1 at page 14 of 30). A hearing on this charge was conducted

on April 3, 2007. Plaintiff was found guilty of a major misconduct for possessing a weapon and sentenced to seven days of top lock and fifteen days loss of privileges. *Id.*

On April 3, 2007, Plaintiff was again charged with substance abuse. (Dkt. #1, Exhibit 1 at page 17 of 30). Plaintiff pleaded guilty to consuming marijuana and was sentenced to thirty days loss of privileges. *Id.* A subsequent laboratory test of a urine sample obtained from Plaintiff on April 3, 2007, revealed the presence of marijuana. (Dkt. #1, Exhibit 1 at page 18 of 30).

Plaintiff asserts that as a result of his misconduct convictions, prison officials deprived him of the ability to visit with his family. Under Michigan Department of Corrections Policy (MDOC) Directive 05.03.140, ¶XX (eff. Oct. 1, 2007), the Director of the MDOC may restrict all of a prisoner's visits if the prisoner is found guilty of two or more violations of the major misconduct charge of substance abuse for behavior that occurred on or after January 1, 2007, which do not arise from the same incident. A prisoner whose visits are restricted by the Director are allowed visits only with attorneys and qualified clergy. *Id.* at ¶ AAA. With regard to removal of the visitation restriction, the policy provides:

> The restriction shall not be considered for removal until at least two years after imposition of the restriction by the Director if it is based on two or more violations of the major misconduct charge of substance abuse, if one or both of the charges were for possession or use of any prohibited substance other than alcohol, or if one or both of the charges were for refusal to submit to substance abuse testing; however, if the prisoner was found guilty of another major misconduct for substance abuse or a non-bondable major misconduct during the period of time his/her visits were restricted by the Director, the restriction shall not be considered for removal until the prisoner has been free of such misconduct for a two year period.

*Id.* at ¶ BBB(2).

At the end of the two-year period, the Warden at the facility where the prisoner is incarcerated is required to make a recommendation to the MDOC Deputy Director as to whether the

restriction should be removed. *Id.* at ¶CCC. It is within the Director's discretion whether to remove the restriction. *Id.* If removal of the restriction is denied at the end of two years, the prisoner continues to receive periodic review. *Id.* at ¶ FFF. Plaintiff alleges that on June 11, 2008, he submitted a request to Defendant Lafler to lift his visitation restriction. Lafler denied the request, citing the above policy. Plaintiff appeal to Defendant Caruso, but never received a response.

Plaintiff initiated the present action against Blaine Lafler, the warden of the facility at which he is presently incarcerated, and Patricia Caruso, Director of the Michigan Department of Corrections (MDOC). Plaintiff asserts that his due process rights were violated in the misconduct proceedings. Plaintiff further contends that the ban on visitation with his family constitutes cruel and unusual punishment in violation of the Eighth Amendment. The Court has already dismissed Plaintiff's Eighth Amendment claims. (Dkt. #7). Plaintiff now moves for summary judgment.

## ANALYSIS

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has

had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party has met its burden of production, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the nonmoving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

Plaintiff asserts that his due process rights were violated in the misconduct proceedings discussed above. Pursuant to the Due Process Clause of the Fourteenth Amendment, before depriving an individual of life or a constitutionally protected liberty or property interest the state must afford the individual with notice and an opportunity to be heard. *See Brentwood Academy v. Tennessee Secondary School Athletic Association*, 442 F.3d 410, 433 (6th Cir. 2006), *rev'd on other grounds*, 127 S.Ct. 2489 (2007); *Harris v. City of Akron*, 20 F.3d 1396, 1401 (6th Cir. 1994). The fundamental requirement of due process is the right to be heard "at a meaningful time and in a meaningful manner." *Mertik v. Blalock*, 983 F.2d 1353, 1364 (6th Cir. 1993) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)).

The requirements of due process, however, are "flexible and depend on a balancing of the interests affected by the relevant government action." *Superintendent, Massachusetts Correctional Institution, Walpole v. Hill*, 472 U.S. 445, 454 (1985). While inmates have an interest in ensuring that they are not arbitrarily subjected to discipline or loss of privileges at the hands of prison officials, this interest "must be accommodated in the distinctive setting of a prison, where disciplinary proceedings 'take place in a closed, tightly controlled environment peopled by those who have chosen to violate the criminal law and who have been lawfully incarcerated for doing so.'" *Id.* at 454. Accordingly, with respect to the safeguards required by due process, the Court must take into account "the legitimate institutional needs of assuring the safety of inmates and prisoners, avoiding burdensome administrative requirements that might be susceptible to manipulation, and preserving the disciplinary process as a means of rehabilitation." *Id.* at 454-55.

With respect to prison disciplinary proceedings, such as those implicated by Plaintiff's claim, the requirements of procedural due process are satisfied where the prisoner is provided "minimal notice and opportunity to be heard" and the subsequent decision is supported by "some evidence."

*Branham v. Spurgis*, 720 F.Supp. 605, 608 (W.D. Mich. 1989) (citations omitted); *see also*, *Sarmiento v. Hemingway*, 93 Fed. Appx. 65, 66 (6th Cir., Mar. 15, 2004); *Williams v. Bass*, 63 F.3d 483, 485-86 (6th Cir 1995); *Washington v. Randall-Owens*, 2007 WL 2713749 at *7-8 (E.D. Mich., Sept. 17, 2007). The documents attached to Plaintiff's complaint reveal that Plaintiff was given notice of each misconduct charge and that a hearing for each was conducted, at which Plaintiff was permitted to present evidence. Plaintiff does not dispute this.

As noted above, Plaintiff bears the burden of demonstrating the existence of undisputed facts which entitle him to relief. Despite the fact that the evidence submitted with Plaintiff's complaint casts serious doubt as to the viability of his due process claim, Plaintiff has not submitted any additional evidence in support of his motion for summary judgment. Simply put, Plaintiff cannot prevail on a motion for summary judgment when he fails to submit any evidence in support thereof.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's <u>Motion for Summary Judgment</u>, (dkt. #4), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: April 6, 2009         /s/ Ellen S. Carmody
                            ELLEN S. CARMODY
                            United States Magistrate Judge