UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH RUSSELL HURLEY,

    Plaintiff,                                         Case No. 1:08-cv-711

v                                                     HON. JANET T. NEFF

BLAINE C. LAFLER et al.,

    Defendants.
    _____/

## **OPINION**

       Pending before the Court in this prisoner civil rights action is plaintiff's Motion for Reconsideration (Dkt 8) of this Court's decision to dismiss his Eighth Amendment claim. This Court did not request a response to petitioner's motion. *See* W.D. Mich. LCivR 7.4(b).

       In his complaint, plaintiff alleged that in restricting his visitation privileges following his misconduct convictions, defendants violated his procedural due process rights and his Eighth Amendment right to be free from cruel and unusual punishment. The Magistrate Judge issued a Report and Recommendation on November 21, 2008, recommending that the complaint be dismissed in its entirety pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim (Dkt 5). In particular, the Magistrate Judge opined that plaintiff's Eighth Amendment claim was "indistinguishable" from the claim the inmate advanced in *Overton v. Bazzetta,* 539 U.S. 126, 137 (2003), where the United States Supreme Court concluded that the practice of the Michigan Department of Corrections in withdrawing visitation privileges for a limited period from inmates

1

with two or more substance-abuse violations was a "regular means of effecting prison discipline" that did not constitute "a dramatic departure from accepted standards for conditions of confinement."

This Court subsequently granted plaintiff's objection to the recommended dismissal of his due process claim, permitting this claim to proceed. However, this Court denied plaintiff's objection to the recommended dismissal of his Eighth Amendment claim. Because the Prisoner Visiting Policy provides that "two or more" substance abuse misconduct convictions would result in the restriction of the inmate's visitation privileges, this Court was not persuaded by plaintiff's assertion that two of his three misconduct violations that led to the restriction of his visitors in prison arose from the same incident. This Court issued an Opinion and Order on February 19, 2009, adopting in part and rejecting in part the Magistrate Judge's Report and Recommendation (Dkt 7).

In seeking reconsideration, plaintiff proffers no basis upon which this Court could find a palpable defect by which the Court and the parties have been misled and that a different disposition of his Eighth Amendment claim must result from a correction thereof. *See* W.D. Mich. LCivR 7.4(a). This Court remains unpersuaded that plaintiff can state an Eighth Amendment claim arising from the visitation restriction imposed upon him as a result of his misconduct convictions. Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Reconsideration (Dkt 8) is DENIED.

Date: June 10, 2009                                 /s/ Janet T. Neff
                                                    JANET T. NEFF
                                                    United States District Judge