UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH RUSSELL HURLEY,

        Plaintiff,                      Case No. 1:08-cv-711

v.                                              Honorable Janet T. Neff

BLAINE C. LAFLER et al.,

        Defendants.

_____/

**OPINION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. On November 21, 2008 the Magistrate Judge issued a report and recommendation to dismiss the complaint for failure to state a claim. In an opinion and order issued on February 19, 2009, the Court adopted in part and rejected in part the report and recommendation. This Court adopted the Magistrate Judge's recommendation to dismiss Plaintiff's Eighth Amendment claim, but rejected the Magistrate Judge's recommendation to dismiss Plaintiff's due process claim. This Court found that Plaintiff's due process claim, which arose from misconduct proceedings, was not barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994). The Court now will consider the merits of Plaintiff's surviving due process claim.

        Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42

U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

## **Factual Allegations**

Plaintiff is incarcerated in the Boyer Road Correctional Facility (OTF). In his *pro se* complaint, he sues OTF Warden Blaine Lafler and Michigan Department of Corrections (MDOC) Director Patricia Caruso.

On March 15, 2007, while he was incarcerated at the Shoreline Correctional Facility, Plaintiff was found guilty of two counts of substance abuse. According to the major misconduct hearing report, Plaintiff pleaded guilty to both counts and admitted that he had used marijuana and cocaine. Laboratory tests also resulted in positive findings for both marijuana and cocaine. As a result of his conviction, Plaintiff was sentenced to thirty days loss of privileges. Eleven days later, on March 26, 2007, Plaintiff was found guilty of a major misconduct for possession of a weapon. A razor blade melted into a toothbrush was found in Plaintiff's footlocker. While Plaintiff claimed that he was set up, the hearing officer found him guilty of the offense. The hearing officer sentenced Plaintiff to seven days of top lock and fifteen days loss of privileges. A week later, on April 3, 2007, Plaintiff was convicted of a third misconduct for substance abuse. Plaintiff pleaded guilty and was sentenced to thirty days loss of privileges. His third substance abuse misconduct conviction also was supported by laboratory tests.

As a result of his misconduct convictions, Plaintiff lost visitation privileges with his family. Under MICH. DEP'T. OF CORR., Policy Directive 05.03.140, ¶ XX (eff. Oct. 1, 2007), the

Director may restrict all of a prisoner's visits if the prisoner is found guilty of two or more violations of the major misconduct charge of substance abuse for behavior that occurred on or after January 1, 2007, which do not arise from the same incident. A prisoner whose visits are restricted by the Director are allowed visits only with attorneys and qualified clergy. *Id.* at ¶ AAA. With regard to removal of the visitation restriction, the policy provides:

> The restriction shall not be considered for removal until at least two years after imposition of the restriction by the Director if it is based on two or more violations of the major misconduct charge of substance abuse, if one or both of the charges were for possession or use of any prohibited substance other than alcohol, or if one or both of the charges were for refusal to submit to substance abuse testing; however, if the prisoner was found guilty of another major misconduct for substance abuse or a non-bondable major misconduct during the period of time his/her visits were restricted by the Director, the restriction shall not be considered for removal until the prisoner has been free of such misconduct for a two year period.

*Id.* at ¶ BBB(2). At the end of the two-year period, the Warden at the facility where the prisoner is incarcerated is required to make a recommendation to the MDOC Deputy Director as to whether the restriction should be removed. *Id.* at ¶ CCC. It is within the Director's discretion whether to remove the restriction. *Id.* If removal of the restriction is denied at the end of two years, the prisoner continues to receive periodic review. *Id.* at ¶ FFF. Plaintiff alleges that on June 11, 2008, he submitted a request to Defendant Lafler to lift his visitation restriction. Lafler denied the request, citing the above policy. Plaintiff appealed to Defendant Caruso, but never received a response.

Plaintiff claims that he continues to be subject to permanent loss of all visitation rights, including non-contact visits, with his wife and children. He asserts that his due process rights were violated in the misconduct proceedings. Plaintiff further claimed that the permanent ban on visitation with his family constitutes cruel and unusual punishment in violation of the Eighth

Amendment. The Court dismissed Plaintiff's Eighth Amendment claim in its February 19, 2009 opinion and order.

## **Discussion**

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that his due process rights were violated in the misconduct proceedings on the substance abuse charges. Specifically, Plaintiff asserts that he was denied an impartial decision maker and that Defendants have a policy or custom of coercing and influencing hearing officers to find prisoners guilty of disciplinary offenses. The starting point for any discussion of the procedural due process rights of a prisoner subject to a disciplinary proceeding is *Wolff v. McDonnell,* 418 U.S. 539 (1974). In *Wolff,* the Supreme Court held that prison disciplinary proceedings implicating a liberty interest must provide the following minimum process: (i) at least twenty-four hours of advance notice of the charges, (ii) the right to call witnesses and to present evidence in the inmate's defense, (iii) an impartial tribunal, and (iv) a written statement of evidence relied on by the disciplinary board and the reasons for the disciplinary action. *Wolff*, 418 U.S. at 563-69.

Plaintiff does not allege that he was denied notice of the charges, the opportunity to call witnesses or present evidence in his defense, or a written hearing report. According to the misconduct hearing reports, Plaintiff pleaded guilty to both counts of substance abuse (marijuana and cocaine) charged on March 15, 2007 and the single count of substance abuse (marijuana) charged on April 3, 2007. (*See* Major Misconduct Hearing Reports, docket #1-2, Page ID##26, 31.)

Drug tests of Plaintiff's urine also came back positive for the charged substances. Plaintiff does not deny that he pleaded guilty to the charges, but argues in the complaint that the drug tests results were tainted or flawed. By pleading guilty, Plaintiff waived his opportunity to challenge the drug test results. *See Boykin v. Alabama*, 395 U.S. 238, 243 (1969) (a defendant who pleads guilty in criminal proceedings waives a number of federal constitutional rights, including the right to a jury trial and the right to confront his accusers).

With regard to Petitioner's claim that he was denied an impartial decision-maker, the Supreme Court's standard for due-process claims based on judicial impartiality is found in *Liteky v. United States*, 510 U.S. 540 (1994); *Brandt v. Curtis*, 138 F. App'x 734, 741 (6th Cir. 2005). In *Liteky*, the Court set forth an exacting standard:

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion *unless* they display a *deep-seated favoritism or antagonism that would make fair judgment impossible*. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They may do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

*Liteky*, 510 U.S. at 555 (emphasis added). Plaintiff does not allege any facts suggesting bias of the sort described in *Liteky*, i.e., "a deep-seated favoritism or antagonism that would make fair judgment impossible." *See id.* Moreover, Plaintiff pleaded guilty to the substance abuse charges; he was not found guilty by the hearing officers. Plaintiff, therefore, cannot argue that he was found guilty of the misconduct charges as a result of pressure on hearing officers to find prisoners guilty of charged offenses. Accordingly, Plaintiff fails to state a due process claim based on the partiality of the hearings officers.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  August 3, 2011              /s/ Janet T. Neff
                                    Janet T. Neff
                                    United States District Judge